PER CURIAM:
Claimant brought this action for vehicle damage which occurred when claimant’s mother, Dreama L. Johnston, was driving her son’s 2001 Ford FI 50 truck and it struck a sign on Cheesy Creek Road, referred to as County Route 28, in Mercer County. County Route 28 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 10:00 a.m. on August 9, 2007. County Route 28 is a two-lane, paved road at the area of the incident involved in this claim. As Ms. Johnston was driving on County Route 28, she noticed a vehicle traveling from the opposite direction. Ms. Johnston testified that she moved the vehicle over in her lane of traffic to provide space for the vehicle. She stated that the road collapsed underneath her vehicle, and her vehicle struck a hazard paddle, damaging the vehicle’s right side mirror. Ms. Johnston testified that the hazard paddle was too close to the road. Although Ms. Johnston lives near the area where this incident occurred, she stated that she does not drive on a regular basis. Claimant seeks to recover $106.00 for the damage caused to the vehicle’s mirror and $1,000 for pain and suffering as a result of this incident.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 28. Richard Delp, Highway Administrator II for respondent in Mercer County, testified that two hazard signs were placed in this area. The hole at the edge of the road was created due to water from the creek. Prior to August 9, 2007, Mr. Delp had not received any complaints regarding the sign at this location. Respondent could not have placed the hazard paddle further away from the road because of the location of the creek. Since respondent is required to obtain an environmental permit or clearance before it can make repairs in this area, it placed the signs to warn the traveling public of the hazard until the problem could be fixed.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep't. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the hazard paddle that claimant’s vehicle struck on Route 28. Mr. Delp testified that respondent had not received any complaints regarding the sign prior to this incident. In addition, the Court finds that the sign was properly placed at this location. Although the Court is sympathetic to the claimant’s plight, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to deny this claim.
Claim disallowed.